IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCISCO RAMOS-BECERRA** and **LOUISA RAMOS** | : | Civil No. 1:14-cv-0917 |
| Plaintiffs, | : | |
| v. | : | |
| **RICKY L. HATFIELD, HATFIELD TRUCKING,** and **JB HUNT TRANSPORT, INC.,** | : | |
| Defendants. | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is Defendant JB Hunt Transport, Inc.'s Motion for Reconsideration (Doc. 108) of this court's October 3, 2016 memorandum and order (Docs. 105 & 106), in which the court denied Defendant's motion for summary judgment. For the reasons stated below, the court will deny Defendant's motion.

## **I.    Legal Standard**

A motion for reconsideration may be filed under Local Rule 7.10 within fourteen days after the entry of the order concerned. M.D. Pa. Local Rule 7.10. The Third Circuit has held that such a motion may be granted if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere dissatisfaction with the court's ruling is not a proper basis for reconsideration. *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash legal arguments previously considered and rejected. *Dougherty v. Farmers New Century Ins. Co.*, Civ. No. 06-cv-0098, 2007 WL 1074756, * 2 (M.D. Pa. Apr. 9, 2007); *Qazizadeh v. Pinnacle Health Sys.*, 14-cv-2037, 2016 WL 5787352, *2 (M.D. Pa. Oct. 4, 2016). In addition, "[a] party's failure to present [its] strongest case in the first instance does not entitle [it] to a second chance in the form of a motion [for reconsideration]." *Id.* (citations omitted). Therefore, such motions are not appropriate if the movant only intends that the court hear new arguments or supporting facts. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## II. Discussion

The facts and procedural history of this case are well known to the parties and are described in detail in the court's October 3, 2016 memorandum and order. (Docs. 105 & 106). As such, the court need not recite them here.

Defendant JB Hunt Transport, Inc. ("JB Hunt") argues that the court's October 3, 2016 memorandum and order should be reconsidered on three grounds: (1) newly obtained documents explain the role of JB Hunt as broker; (2) the court misapplied section 411 of the Restatement (Second) of Torts; and (3) the court misapplied Pennsylvania's frolic and detour principle. (Doc. 109, pp. 12-18 of 19.) As to JB Hunt's first argument, the court has already ruled that the contracts between JB Hunt and Walmart are not new evidence for purposes of JB Hunt's motion for reconsideration.[1] (*See* Doc. 112.) The court will not address that issue again here, and will instead discuss JB Hunt's remaining arguments in turn.

### A. Application of Section 411 of the Restatement (Second) of Torts

According to JB Hunt, Defendant Ricky L. Hatfield ("Hatfield") was not working or performing a duty at the time of the accident. (Doc. 109, pp. 14-15 of 19.) JB Hunt argues that the court, in holding that JB Hunt could be found liable under section 411 of the Restatement (Second) of Torts for negligent hiring, ignored the fact that an independent contractor has to be performing work at the

---

[1] However, the court permitted these contracts submitted as Exhibit D and E to JB Hunt's Motion for Reconsideration to be filed under seal. (Doc. 112.)

time of the accident before any potential liability can be incurred. (*Id.* at 13 of 19.) Plaintiffs respond by arguing that JB Hunt is ignoring relevant facts of record indicating that Hatfield was indeed working when the accident occurred. (Doc. 113, pp. 11-13 of 16.)

In its October 3, 2016 memorandum, the court held that the Federal Motor Carrier Safety Regulations ("FMCSRs") do not preempt Plaintiffs' negligent hiring claim. (Doc. 105, p. 13-15.) The court did not hold that JB Hunt is liable for the negligent hiring of Hatfield, rather that JB Hunt **could be** held liable. (*Id.*) JB Hunt's liability naturally depends upon whether Hatfield was working at the time of the accident. While the law in Pennsylvania for a negligent hiring claim is well-settled, whether Hatfield was working at the relevant time is a fact disputed by the parties. (*See, e.g.*, Doc. 85, ¶¶ 39-45 and exhibits cited therein; Doc. 91, ¶¶ 39-45 and exhibits cited therein.)

As counsel is well aware, summary judgment can only be granted where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The documents submitted in support of each party's summary judgment arguments revealed a genuine dispute as to whether Hatfield was working at the time of the accident. It is indisputable that this fact is material to the outcome of

this lawsuit and affects the resolution of Plaintiffs' negligent hiring claim. Because of this factual dispute, the court could not grant summary judgment in favor of JB Hunt and will not reconsider its decision now. The resolution of this factual dispute can only be resolved by a jury.

Furthermore, JB Hunt previously raised this argument in its reply brief in support of its motion for summary judgment. (Doc. 94, pp. 11-12.) As stated above, JB Hunt cannot use a motion for reconsideration to rehash arguments that were previously rejected by this court. *See Dougherty*, 2007 WL 1074756 at * 2.

### B. The Principle of Frolic and Detour

The court previously held that JB Hunt's contention that Hatfield was using Hatfield Trucking's tractor as a personal conveyance while on a frolic and detour was moot because Plaintiffs abandoned the theory of a master-servant relationship between JB Hunt and Hatfield.[2] (Doc. 105, pp. 15-16.) JB Hunt asserts that the court inappropriately placed a higher standard upon persons and entities that retain independent contractors than employers who hire employees. (Doc. 109, pp. at 15-18 of 19.) JB Hunt argues that the court should reconsider this holding stating, "simply because there is no longer an alleged master-servant relationship between [JB Hunt] and Ricky Hatfield and/or Hatfield Trucking, does not mean that Ricky Hatfield's off-duty behavior can now be imputed upon [JB Hunt]." (*Id.* at 15 of

---

[2] The court cited case law illustrating that the principle of frolic and detour in Pennsylvania requires a master-servant relationship. (Doc. 105, p. 15.)

19.) Plaintiffs respond by contending that JB Hunt is trying to confuse the issues in this matter and asserts that "[n]o one is imputing Ricky Hatfield's off-duty behavior upon [JB Hunt]." (Doc. 113, p. 14 of 16.)

JB Hunt again misses the point. This court did not place a higher burden on JB Hunt for retaining an independent contractor. Rather, the court applied Pennsylvania law that permits a negligent hiring claim if the independent contractor is working at the time of an accident which injures a third party. *See Lutz v. Cybularz*, 607 A.2d 1089 (Pa. Super. Ct. 1992). Once more, JB Hunt wants this court to decide the same disputed material fact – whether Hatfield was working at the time of the accident – which the court will not do.

In addition, JB Hunt seeks to have this court extend Pennsylvania's frolic and detour principle to independent contractor-contractee relationships.[3] (*See* Doc. 109, pp. 15-18 of 19.) The Third Circuit has reiterated, however, that it is not the federal courts' role to extend state law. *See Pinho v. Gonzales*, 432 F.3d 193, 212 (3d Cir. 2005) ("state courts are the ultimate authorities on the meaning of state law"). Rather, "comity and respect for federalism compel us to defer to the decisions of state courts on issues of state law. That practice reflects our

---

[3] Not only do the cases cited by JB Hunt in its brief not extend the principle of frolic and detour, they either: (1) do not discuss issues related to an independent contractor; or (2) do not involve an injury to a third party caused by the independent contractor or contractee. *See, e.g.*, *Johnson v. Glenn Sand & Gravel*, 453 A.2d 1048 (Pa. Super. Ct. 1982); *Shuman Estate v. Weber*, 419 A.2d 169 (Pa. Super. Ct. 1980); *Beil v. Telesis Constr., Inc.* 11 A.3d 456 (Pa. 2011); *Motter v. Meadows Ltd. P'ship*, 680 A.2d 887 (Pa. 1996).

understanding that the decisions of state courts are definitive pronouncements of the will of the States as sovereigns." *Bush v. Gore*, 531 U.S. 98, 112 (2000) (concurring opinion, Rehnquist, J.).

This court will not extend Pennsylvania law as it cannot locate, nor has JB Hunt provided, any Pennsylvania case law extending the principle of frolic and detour to an independent contractor-contractee relationship.

### III.   Conclusion

For the reasons stated herein, the court will deny JB Hunt's motion for reconsideration (Doc. 108). JB Hunt used this motion as a means to rehash previous arguments based on material facts that are in dispute, while accusing the court of making "a decision outside of the presented issues." (*See* Doc. 108, p. 9 of 19.) Although JB Hunt asserted that the court "made an error of apprehension rather than reasoning," it provided no case law to support the court's supposed error. (*See id.*) Instead, JB Hunt continued to attempt to blur the facts of this case and misrepresent Pennsylvania law.

An appropriate order will issue.

s/Sylvia Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: January 24, 2017